IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| RICHARD A. THOUROT, | ) | CIVIL NO. 11-00032 LEK-KSC |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | |
| ERIC TANUVASA AND CITY AND COUNTY OF HONOLULU, | ) | |
| Defendants. | ) | |

**ORDER GRANTING DEFENDANT CITY & COUNTY OF HONOLULU'S MOTION TO DISMISS COMPLAINT FILED JANUARY 21, 2011 PURSUANT TO FRCP, RULE 12(b)(6)**

Before the Court is Defendant City and County of Honolulu's ("Defendant" or "City") Motion to Dismiss Complaint Filed January 21, 2011 Pursuant to FRCP, Rule 12(b)(6) ("Motion"), filed on February 11, 2011. Plaintiff Richard Thourot ("Plaintiff") filed his memorandum in opposition on April 19, 2011, and the City filed its reply on April 29, 2011. This matter came on for hearing on May 16, 2011. Appearing on behalf of the City was Tracy Fukui, Esq., and appearing on behalf of Plaintiff was Lawrence Kawasaki, Esq. After careful consideration of the Motion, supporting and opposing memoranda, and the arguments of counsel, the City's Motion is HEREBY GRANTED for the reasons set forth below.

**BACKGROUND**

Plaintiff filed a Complaint against the City and

Eric Tanuvasa, individually, and in his official capacity as a Honolulu Policy Department ("HPD") police officer ("Tanuvasa"). [Dkt. no. 1.] Plaintiff brought this action "to redress the deprivation under color of law . . . of rights privileges, and immunities secured to Richard A. Thourot by the Fourth, Fifth, Eighth, Ninth, and Fourteenth Amendments to the Constitution of the United states, inter alia, and 42 U.S.C. § 1983, et seq." [Complaint at ¶ 1.]

The Complaint sets forth the following factual allegations:

(9) On or about February 7, 2009, Plaintiff was residing with his girlfriend at the Island Colony Condominium/Hotel located in Waikiki, Honolulu, Hawaii.

(10) On the morning of February 7, 2009, Plaintiff was awakened by his girlfriend and observed Defendant Officer Eric Tanuvasa already had entered his apartment.

(11) Plaintiff got out of bed and asked Defendant Tanuvasa what was going on and why he was in his home.

(12) As Plaintiff was talking to Defendant Tanuvasa, for reasons unknown to Plaintiff, Defendant Tanuvasa started repeatedly

>           berating, pushing, grabbing, slapping,
>
>           punching, and kicking Plaintiff about his
>
>           body and face.
>
>     (13) Plaintiff then was placed under arrest by
>
>           other officers who had arrived and was
>
>           transported to the Honolulu Police
>
>           Department.
>
>     (14) Plaintiff did not at any time provoke,
>
>           invite, consent to, or otherwise allow or
>
>           permit Defendant Tanuvasa to assault and
>
>           berate him.

[Id. at ¶¶ 9-14.]

The Complaint includes four causes of action, none of which have descriptive labels or refer to specific statutes or common law claims. Plaintiff's first cause of action appears to state a § 1983 claim and assault and battery claim against Tanuvasa and the City. [Id. at ¶¶ 19-20.] The second cause of action appears to be a state law negligent training claim. Plaintiff alleges that "certain of the Doe Defendants failed and/or refused to properly train, supervise, and/or discipline police officers under their supervision and control thereby proximately and directly causing the injuries to Plaintiff complained of herein." [Id. at ¶ 22.] The third cause of action appears to be a state law negligence claim. [Id. at ¶ 24.]

Finally, Plaintiff's fourth cause of action alleges that the "individual Defendants acted herein maliciously, knowingly, intentionally, willfully, and deliberately without regard for his rights, interests, and well being, thereby proximately causing the injuries herein."  [Id. at ¶ 26.]

On February 11, 2011, the City filed the instant Motion, seeking to dismiss all claims against it.  [Dkt. no. 7.]  Thereafter, on March 14, 2011, the Court approved the parties' stipulation to dismiss some of the claims against the City, including the § 1983 claims.  [Dkt. no. 16.]  According to the stipulation, the following claims against the City remain: (1) negligence (*respondeat superior*); (2) assault and battery (*respondeat superior*); and (3) negligent training, supervision, and discipline.  [Id.]

I.  **The City's Motion**

The City seeks dismissal of all claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6).  The City frames Plaintiff's claims as brought under § 1983,[1] and the common law torts of "negligence, assault and battery, [and]

---

[1] The City frames the Plaintiff's first cause of action as a § 1983 Monell claim, and argued that it must be dismissed because: (1) the allegations are conclusory; and (2) any non-conclusory facts alleged fail to state a "plausible" claim for relief against the City as required by Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009).  To the extent the parties stipulated to the dismissal of all state and federal constitutional claims against the City, this portion of the Motion is moot.

4

negligent training, supervision and/or discipline[.]" [Mem. in Supp. of Motion at 2.]

### A. **Failure to Train, Supervise, and/or Discipline**

With respect to Plaintiff's second cause of action for failure to train, supervise, and/or discipline, the City argues that Plaintiff fails to state a claim under Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), because he fails to allege non-conclusory facts that state a "plausible" as opposed to merely "possible" claim against the City. [Mem. in Supp. of Motion at 9.] The City asserts that Plaintiff's allegations are legal conclusions that are not afforded a presumption of truth, but are merely a formulaic recitation of the elements of the claim. According to the City, Plaintiff fails to plead facts: (1) describing how the City failed in its supervision, or identify the employee requiring supervision; (2) identifying a specific training program or how that program was deficient; or (3) identifying any acts in which discipline was necessary, but not taken. [Id.]

As to the negligent supervision claim, the City argues Plaintiff fails to plead any facts establishing that Tanuvasa was acting outside the course and scope of his employment, as required by Dawkins v. City & County of Honolulu, Civ. No. 10-00086 HG-KSC, --- F. Supp. 2d ----, 2010 WL 5464880, at *11 (D. Hawai'i, Dec. 30, 2010). [Id. at 10.]

5

**B.   *Respondeat Superior* Claims**

The City next attacks Plaintiff's *respondeat superior* claims, apparently as to "the state common law torts of negligence and assault and battery in the first and third causes of action." [Id.]  The City argues Plaintiff fails to state a claim because: (1) the facts plead are insufficient to establish *respondeat superior*; (2) the negligence claim is incompatible with the allegations of assault and doctrine of conditional privilege; and (3) Plaintiff fails to plead a recognized duty of care.  [Id.]

First, the City asserts that Plaintiff fails to allege, by facts or otherwise, that Tanuvasa was acting within the course and scope of his employment, and that the City is not responsible for the alleged negligence of its employees.  Although the Complaint states that Tanuvasa was an HPD officer, it does not describe in what capacity Tanuvasa entered Plaintiff's apartment; the City argues that there is no indication from the facts alleged that Tanuvasa was there in his capacity as a police officer, or in the course and scope of his employment.  [Id.]

Second, the City contends that Plaintiff's negligence claim is not "plausible" under Iqbal when viewed against his assault and battery claim.  The City argues that these torts are mutually exclusive because the willful, intentional conduct supporting the assault and battery claim is incompatible with

6

negligence because a willful act involves no negligence. [Id. at 12-13.] The City argues that, because Plaintiff failed to allege facts stating a "plausible" claim against Tanuvasa, under the doctrine of *respondeat superior*, he likewise failed to properly plead negligence against the City. [Id.]

## II. **Plaintiff's Memorandum in Opposition**

In opposition, Plaintiff contests the City's application of the standard to be applied to motions brought under Federal Rule of Civil Procedure 12(b)(6). Plaintiff asserts that for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences drawn from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief and specific facts are not necessary for pleadings to satisfy Federal Rule of Civil Procedure 8(a)(2). [Mem. in Opp. at 5 (citing Moss v. U.S. Secret Service, 572 F.3d 962, 968-69 (9th Cir. 2009)).] Plaintiff also emphasizes that Rule 8(a)(2) expressly authorizes litigants to plead claims in the alternative or hypothetically. [Id. at 4.]

Pointing to the factual allegations set forth in the Complaint, Plaintiff argues that they are neither bald nor conclusory, but are sufficiently detailed to give "fair notice to the City of Plaintiff's state law claims and fair opportunity to defend against them." [Id. at 7.]

7

In response to the City's arguments regarding its *respondeat superior* liability, Plaintiff states that "[i]f Defendant Tanuvasa's acts were within the scope and course of his employment the City is subject to liability for the torts he committed under the doctrine of *respondeat superior*." [Id. at 7-8.] Alternatively, if "Tanuvasa's acts were outside the course and scope of his employment the City is subject to liability for failure to control him." [Id. at 8.] Plaintiff attempts to rebut the City's claims that he failed to plead facts establishing that Tanuvasa was acting outside the course and scope of his employment by stating that the Federal Rules of Civil Procedure permit alternative, hypothetical and inconsistent pleadings. [Id.]

### III. The City's Reply

In its reply, the City claims generally that Plaintiff's opposition fails to address the factual inadequacies of his state law claims as plead.

#### A. Negligent Training, Supervision, and/or Discipline

The City asserts that the Complaint contains a single paragraph addressed to this cause of action (paragraph 22), and that the allegation therein is a legal conclusion that is not afforded the assumption of truth under Iqbal. [Reply at 2.] Further, the City argues that the Court cannot determine whether Plaintiff states a "plausible" claim because there are no

pertinent facts presented in the Complaint. For example, Plaintiff fails to identify a training program by the City, a deficiency in the program, or any facts describing how the deficiency is related to the injuries alleged. [Id.] In addition to the factual deficiencies, the City points to Complaint's failure to allege that the City knew or should have known of the opportunity for exercising control or foreseeability. [Id. at 3.] It points to the holding in Otani v. City and County of Hawai'i, 126 F. Supp. 2d 1299, 1308 (D. Hawai'i 1998), that "[i]f an employer has not been put on notice of the necessity for exercising a greater degree of control or supervision over a particular employee, the employer cannot be held liable as a matter of law." [Id.]

With respect to the course and scope of employment element, the City argues that, regardless of the permissibility of pleading in the alternative, Plaintiff has nevertheless failed to allege that Tanuvasa was acting outside the scope of his employment. [Id. at 4.] Moreover, Plaintiff must plead nonconclusory facts in which it is "plausible" that Tanuvasa was acting outside the course and scope of his employment. [Id.]

**B.   *Respondeat Superior* Claims**

With respect to the sufficiency of the factual allegations, the City argues that Plaintiff fails to plead sufficient facts to push his theory of *respondeat superior*

9

liability past "possible" to "plausible."  [Id. at 5.]

As to the course and scope requirement, the City asserts that Plaintiff fails to plead any facts alleging a "purpose" by Tanuvasa to further the HPD's business.  Plaintiff pleads only that he woke up in his apartment, found Tanuvasa there, and for reasons unknown, Tanuvasa assaulted him; the City argues that these facts fail to indicate whether Tanuvasa was acting with a purpose on behalf of HPD, or with a purpose on behalf of himself.  [Id. at 5-6.]

**STANDARD**

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss a claim for "failure to state a claim upon which relief can be granted[.]"

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Weber v. Dep't of Veterans Affairs, 521 F.3d 1061, 1065 (9th Cir. 2008).  This tenet – that the court must accept as true all of the allegations contained in the complaint – "is inapplicable to legal conclusions."  Iqbal, 129 S. Ct. at 1949.  Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id. (citing Twombly, 550 U.S. at 555).  Rather, "[a] claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief. Id. at 1950.

"Dismissal without leave to amend is improper unless it is clear that the complaint could not be saved by any amendment." Harris v. Amgen, Inc., 573 F.3d 728, 737 (9th Cir. 2009) (citation and quotation marks omitted). "But courts have discretion to deny leave to amend a complaint for futility[.]" Johnson v. American Airlines, Inc., 834 F.2d 721, 724 (9th Cir. 1987) (citation and quotation marks omitted).

## DISCUSSION

### I. Negligent Training, Supervision, and/or Discipline Claim

Plaintiff alleges in his second cause of action that "Defendants failed and/or refused to properly train, supervise, and/or discipline police officers under their supervision and control thereby proximately and directly causing the injuries to Plaintiff complained of herein." [Complaint at ¶ 22.]

The Court finds that Plaintiff's allegations are not supported by relevant factual allegations, but simply state a legal conclusion. For example, Plaintiff fails to plead facts identifying how the City failed in its supervision, or identifying any acts in which discipline was necessary, but not

taken.

Further, to state a claim for negligent supervision or failure to control under Hawai'i law, a plaintiff must allege that the employees who committed the wrongful acts were acting outside the scope of their employment. Pulawa v. GTE Hawaiian Tel, 112 Hawai'i 3, 18, 143 P.3d 1205, 1220 (2006). Plaintiff fails to do so here.

With respect to Plaintiff's negligent supervision claim and alternately plead theories, courts require inconsistent or contradictory allegations to be set forth in a complaint.

> A negligent supervision claim is mutually exclusive with a claim based on *respondeat superior,* because the latter requires that the employee have acted within the scope of his employment. See Wong-Leong v. Hawaiian Indep. Refinery, Inc., 76 Hawai'i 433, 879 P.2d 538, 543-44 (1994).
> . . . .
> Although Plaintiff's negligent failure to supervise claim is inconsistent with his false arrest/*respondeat superior* claim, Plaintiff is entitled to plead the former claim in the alternative. See Fed. R. Civ. P. 8(d)(3) ("A party may state as many separate claims or defenses as it has, regardless of consistency."); Arthur v. U.S. By and Through Veterans Admin., 45 F.3d 292, 296 (9th Cir. 1995).
>
> In order to state a claim for negligent supervision, however, Plaintiff nevertheless must allege that the police officers were acting outside the scope of their employment. See Pulawa, 143 P.3d 1205, 1220. Plaintiff must, in other words, include contradictory allegations in the Complaint.

Dawkins v. City of Honolulu, Civ. No. 10-00086 HG-KSC, --- F.

Supp. 2d ----, 2010 WL 5464880, at *11 (D. Hawai'i Dec. 30, 2010). Plaintiff has not included the necessarily contradicting allegations, *i.e.*, that a police officer was acting both outside and within the scope of his or her employment.

The Court therefore GRANTS the Motion and DISMISSES Plaintiff's second cause of action for negligent training, supervision, and/or discipline claim as to the City WITHOUT PREJUDICE.

**II**  ***Respondeat Superior* Claims**

The Court next addresses Plaintiff's causes of action for negligence and assault and battery. Both of these claims against the City are brought under a *respondeat superior* theory of liability. A municipality such as the City is "subject to the state's tort laws in the same manner as any other private tortfeasor may be liable for state law torts that its agents committed." Kahale v. City & Cnty. of Honolulu, 104 Hawai'i 341, 349, 90 P.3d 233, 241 (2004).

"[T]o recover under the respondeat superior theory, a plaintiff must establish: 1) a negligent act of the employee, in other words, breach of a duty that is the legal cause of plaintiff's injury; and 2) that the negligent act was within the employee's scope of employment." Wong-Leong v. Haw. Indep. Refinery, Inc., 76 Hawai'i 433, 438, 879 P.2d 538, 543 (1994). Plaintiff fails to set forth facts or allegations that Tanuvasa

13

was acting within the course and scope of his employment, and therefore, fails to state a claim based on *respondeat superior* liability. For example, the Complaint is devoid of facts or allegations regarding why Tanuvasa was in Plaintiff's apartment, why he allegedly assaulted Plaintiff, or whether he purported to be acting on behalf of the City.

The Court therefore GRANTS the Motion and DISMISSES Plaintiff's negligence and assault and battery claims as to the City WITHOUT PREJUDICE.

### III. Dismissal Without Prejudice and Leave to Amend

At the May 16, 2011 hearing, Plaintiff's counsel acknowledged that the facts of the incident were not well-developed and that Plaintiff needed to conduct discovery in order to clarify his claims against the City. To the extent that this Court has dismissed Plaintiff's claims against the City without prejudice, Plaintiff is granted leave to file an Amended Complaint. The Court therefore GRANTS Plaintiff until **August 15, 2011** to file an Amended Complaint.

### CONCLUSION

On the basis of the foregoing, Defendant City and County of Honolulu's Motion to Dismiss Complaint Filed January 21, 2011 Pursuant to FRCP, Rule 12(b)(6), filed on February 11, 2011, is HEREBY GRANTED. The Court ORDERS Plaintiff to file his Amended Complaint by **August 15, 2011**. The Court

14

CAUTIONS Plaintiff that, if he does not file an Amended Complaint by **August 15, 2011**, the Court will dismiss the claims against the City and County of Honolulu with prejudice.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, May 31, 2011.



    /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge




**RICHARD A THOUROT V. ERIC TANUVASA AND CITY AND COUNTY OF HONOLULU; CIVIL NO. 11-00032 LEK-KSC; ORDER GRANTING DEFENDANT CITY AND COUNTY OF HONOLULU'S MOTION TO DISMISS COMPLAINT FILED JANUARY 31, 2011 PURSUANT TO FRCP RULE 12(b)(6)**