IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RICHARD A. THOUROT, | ) | CIVIL NO. 11-00032 LEK-KSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ERIC TANUVASA AND CITY AND | ) | |
| COUNTY OF HONOLULU, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT ERIC TANUVASA'S MOTION TO DISMISS COMPLAINT**

Before the Court is Defendant Eric Tanuvasa's ("Tanuvasa" or "Defendant") Motion to Dismiss Complaint Filed January 21, 2011 Pursuant to FRCP, Rule 12(b)(6) ("Motion"), filed on April 18, 2011.  Plaintiff Richard Thourot ("Plaintiff") filed his memorandum in opposition on June 6, and Tanuvasa filed his reply on June 13, 2011.  This matter came on for hearing on June 27, 2011.  Appearing on behalf of Plaintiff was Eric Seitz, Esq., and appearing on behalf of Defendant was Tracy Fukui, Esq. After careful consideration of the Motion, supporting and opposing memoranda, and the arguments of counsel, Defendant's Motion is HEREBY GRANTED IN PART AND DENIED IN PART for the reasons set forth below.  The Motion is GRANTED as to Plaintiff's 42 U.S.C. § 1983 claims for violation of the Fifth, Ninth, and Fourteenth Amendments to the United States Constitution.  The Motion is DENIED as to the remainder of Plaintiff's claims.

## BACKGROUND

On January 14, 2011, Plaintiff filed his Complaint against the City and County of Honolulu ("City") and Tanuvasa, individually and in his official capacity as a Honolulu Police Department ("HPD") police officer.  Plaintiff brought this action "to redress the deprivation under color of law . . . of rights privileges, and immunities secured to Richard A. Thourot by the Fourth, Fifth, Eighth, Ninth, and Fourteenth Amendments to the Constitution of the United states, inter alia, and 42 U.S.C. § 1983, et seq."  [Complaint at ¶ 1.]  The Complaint sets forth the following factual allegations:

> (9)  On or about February 7, 2009, Plaintiff was residing with his girlfriend at the Island Colony Condominium/Hotel located in Waikiki, Honolulu, Hawaii.
> (10) On the morning of February 7, 2009, Plaintiff was awakened by his girlfriend and observed Defendant Officer Eric Tanuvasa already had entered his apartment.
> (11) Plaintiff got out of bed and asked Defendant Tanuvasa what was going on and why he was in his home.
> (12) As Plaintiff was talking to Defendant Tanuvasa, for reasons unknown to Plaintiff, Defendant Tanuvasa started repeatedly berating, pushing, grabbing, slapping, punching, and kicking Plaintiff about his body and face.
> (13) Plaintiff then was placed under arrest by other officers who had arrived and was transported to the Honolulu Police Department.
> (14) Plaintiff did not at any time provoke, invite, consent to, or otherwise allow or permit Defendant Tanuvasa to assault and berate him.

[Complaint at ¶¶ 9-14.]  Plaintiff also alleges that Tanuvasa was employed by the Honolulu Police Department ("HPD") at all

2

pertinent times.  [<u>Id.</u> at ¶ 6.]

The Complaint includes four causes of action.  The First Cause of Action alleges that:

> (19) Plaintiff is informed and believes, and thereupon alleges, that Defendant Tanuvasa acted and/or purported to act herein under color of statutes, ordinances, rules, regulations, customs, policies, practices, and/or usages of the City and County of Honolulu, State of Hawaii, and/or the Honolulu Police Department.
> (20) Plaintiff is informed and believes, and thereupon alleges, that he was assaulted and suffered the loss of his liberty without any probable, sufficient, just or reasonable cause in violation of rights guaranteed to him by the Fourth, Fifth, Ninth and Fourteenth Amendments to the United States Constitution, and Article I of the Constitution of the State of Hawaii, <u>inter alia</u>.

[Complaint at ¶¶ 19-20.]

The Second Cause of Action alleges the City failed to train, supervise, and discipline police officers under its supervision.  [<u>Id.</u> at ¶ 22.]  The Third Cause of Action states that:

> (24) Plaintiff is informed and believes, and thereupon alleges, that Defendants negligently caused Plaintiff to suffer physical injuries, pain, mental anguish, emotional distress, anxiety, embarrassment, humiliation, worry, and anger in amounts to be proven at trial.

[<u>Id.</u> at ¶ 24.]

Plaintiff's Fourth Cause of Action alleges:

> (26) Plaintiff is informed and believes, and thereupon alleges, that the individual Defendants acted herein maliciously, knowingly, intentionally, willfully, and deliberately without

3

regard for his rights, interests, and well being,
thereby proximately causing the injuries alleged
herein.

[<u>Id.</u> at ¶ 26.]

On May 31, 2011, this Court granted the City's Motion
to Dismiss, dismissing the claims against the City without
prejudice, and granted Plaintiff until August 15, 2011 to file an
amended complaint against the City.  [Dkt. no. 31.]

I.    <u>Tanuvasa's Motion</u>

Tanuvasa seeks dismissal of all claims against him
pursuant to Federal Rule of Civil Procedure 12(b)(6).

A.    <u>Federal Claims</u>

Tanuvasa argues that Plaintiff fails to state a claim
under 42 U.S.C. § 1983 because he did not allege facts showing
that Tanuvasa acted under the color of state law.  [Mem. in Supp.
of Motion at 6.]  That is, although the Complaint alleges that
Tanuvasa was employed by HPD, it does not allege that he was
acting in such capacity at the time of the incident.

1.    <u>Fourth Amendment</u>

To the extent Plaintiff alleges a violation of the
Fourth Amendment – that he was "assaulted and suffered loss of
his liberty without any probable, sufficient, just or reasonable
cause" [Complaint at ¶ 5] – Tanuvasa argues the claim fails
because Plaintiff fails to allege facts to "plausibly" support
the inference of lack of probable cause, or that Tanuvasa acted

4

unreasonably.  Plaintiff alleges that, "for reasons unknown to him" [id. at ¶ 12,] Tanuvasa assaulted him, but pleads no nonconclusory facts indicating that this conduct was without probable cause or unreasonable.  [Mem. in Supp. of Motion at 7.]

### 2.   Fifth Amendment

To the extent Plaintiff alleges a violation of the Fifth Amendment, which prohibits the United States from depriving persons of due process, Tanuvasa notes that there are no allegations that he was acting on behalf of the United States. He claims that Plaintiff does not allege facts implicating any of the other Fifth Amendment rights, and therefore, this claim should be dismissed.  [Id. at 8.]

### 3.   Ninth Amendment

To the extent Plaintiff alleges a claim under the Ninth Amendment, Tanuvasa argues the claim must be dismissed because the amendment does not independently secure any rights for purposes of pursuing a civil rights claim.  [Id. at 9 (citing Strandburg v. City of Helena, 791 F.2d 744, 748 (9th Cir 1986)).]

### 4.   Fourteenth Amendment

Finally, to the extent Plaintiff alleges a claim for violation of due process under the Fourteenth Amendment, Tanuvasa seeks dismissal on the grounds that Plaintiff fails to plead any nonconclusory facts that plausibly satisfy the standard for abuse of power that "shocks the conscious."  Further, he argues

5

Plaintiff does not plead any facts implicating a lack of equal protection under the law. [Id.]

### B.   State Law Claims

#### 1.   Assault and Battery

Tanuvasa asks the Court to dismiss Plaintiff's assault and battery claims because there are no nonconclusory allegations of malice sufficient to overcome the conditional privilege doctrine.  Tanuvasa claims that government officials acting in the performance of their public duties are protected by a qualified or conditional privilege, provided the employee acted without malice.  [Id. at 10 (citing Towse v. State, 64 Haw. 624, 647 P.2d 696 (1982)).]  He argues Plaintiff fails to allege any facts regarding Tanuvasa's purpose in the apartment, which negates any showing of malice.  [Id. at 11.]

#### 2.   Negligence

Tanuvasa asks the Court to dismiss Plaintiff's negligence claim on the grounds that: (1) Plaintiff fails to plead any facts establishing a legal duty owed by Tanuvasa to Plaintiff, and there is no common law duty not to arrest without probable cause; and (2) negligence is not plausible in light of Plaintiff's allegations of assault and battery and the doctrine of conditional privilege.  [Id. at 11-13.]

## II.  Plaintiff's Memorandum in Opposition

In opposition, Plaintiff contests the standard to be

6

applied to motions brought under Rule 12(b)(6).  Plaintiff argues
that Defendant overstates the Supreme Court's holding in Iqbal,
and that the case did not create more stringent pleading
standards under Rule 8.  [Mem. in Opp. at 7.]  He asserts that
for a complaint to survive a motion to dismiss, the nonconclusory
factual content, and reasonable inferences drawn from that
content, must be plausibly suggestive of a claim entitling the
plaintiff to relief, and specific facts are not necessary for
pleadings to satisfy Rule 8(a)(2).  [Id. at 11.]  With respect to
Plaintiff's claims for negligence and alternative claims
involving malice, Plaintiff argues that he is permitted to plead
alternative, hypothetical and inconsistent theories.  [Id. at
14.]

## III. **Defendant's Reply**

          In his reply, Defendant claims generally that
Plaintiff's opposition fails to address the factual inadequacies
of his state law claims as plead.  Defendant argues that
Plaintiff must plead additional nonconclusory factual allegations
beyond those contained in the Complaint.  [Reply at 4.]

          With respect to Plaintiff's alternative pleading
theory, Defendant claims that the Complaint fails to factually
plead the required "malice" to overcome the doctrine of
conditional privilege, applicable to the claims of negligence,
assault and battery.  He also claims Plaintiff fails to identify

a duty owed under his negligence claim.  Finally, Defendant notes that Plaintiff did not address the particulars of any of his constitutional claims in the opposition.

## STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss a claim for "failure to state a claim upon which relief can be granted[.]"

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Weber v. Dep't of Veterans Affairs, 521 F.3d 1061, 1065 (9th Cir. 2008).  This tenet – that the court must accept as true all of the allegations contained in the complaint – "is inapplicable to legal conclusions."  Iqbal, 129 S. Ct. at 1949.  Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id. (citing Twombly, 550 U.S. at 555).  Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. (citing Twombly, 550 U.S. at 556).  Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief.  Id. at 1950.

"Dismissal without leave to amend is improper unless it

8

is clear that the complaint could not be saved by any amendment." Harris v. Amgen, Inc., 573 F.3d 728, 737 (9th Cir. 2009) (citation and quotation marks omitted).  "But courts have discretion to deny leave to amend a complaint for futility[.]" Johnson v. American Airlines, Inc., 834 F.2d 721, 724 (9th Cir. 1987) (citation and quotation marks omitted).

## DISCUSSION

The Court first addresses Plaintiff's claims under 42 U.S.C. § 1983 and then addresses his state law claims against Tanuvasa.

## I.   Federal Constitutional Claims

In his First Cause of Action, Plaintiff alleges that he "was assaulted and suffered the loss of his liberty without any probable, sufficient, just or reasonable cause in violation of rights guaranteed to him by the Fourth, Fifth, Ninth and Fourteenth Amendments. . . ."  [Complaint at ¶ 20.]  Plaintiff also alleges that Tanuvasa acted under color of state law when he assaulted him.  [Id. at ¶ 19.]

Under 42 U.S.C. § 1983:

Every person who, under color of any statute, ordinance, regulation, custom, or usage . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

To state a § 1983 claim, a "plaintiff must demonstrate

9

a deprivation of a right secured by the Constitution or laws of

the United States, and that the defendant acted under color of

state law." Kirtley v. Rainey, 326 F.3d 1088, 1092 (9th Cir.

2003) (citing West v. Atkins, 487 U.S. 42, 48 (1988)).  Here, the

Court FINDS that Plaintiff sufficiently alleged that Tanuvasa

acted under color of state law.  The Court next turns to the

specific federal rights that Plaintiff claims Tanuvasa violated.

>A.   **Fourth Amendment**

Plaintiff alleges that he "was assaulted and suffered

the loss of his liberty without any probable, sufficient, just,

or reasonable cause . . . . "  [Complaint at ¶ 20.]  The Fourth

Amendment states that:

> The right of the people to be secure in their
> persons, houses, papers, and effects, against
> unreasonable searches and seizures, shall not be
> violated, and no Warrants shall issue, but upon
> probable cause, supported by Oath or affirmation,
> and particularly describing the place to be
> searched, and the persons or things to be seized.

U.S. Const. amend IV.  Allegations of unreasonable seizure and

excessive force are analyzed under the Fourth Amendment.  See

Brower v. County of Inyo, 489 U.S. 593, 595-97 (1989) (analyzing

under the Fourth Amendment whether plaintiff's right against

unreasonable seizures was violated); Graham v. Connor, 490 U.S.

386, 395 (1989) (explaining that the Fourth Amendment prohibits

the use of "excessive force" arising in the context of an arrest

or investigatory stop of a free citizen).

10

Here, the Court FINDS that the § 1983 claims against
Tanuvasa for violations of the Fourth Amendment satisfy the
pleading requirements set forth in Twombly and Iqbal.  The
allegations are more than "legal conclusions" or a "recital[ ] of
the elements of a cause of action," Iqbal, 129 S. Ct. at 1949,
1950), because the Complaint alleges more than simply that
Tanuvasa deprived Plaintiff of his rights under the Fourth
Amendement.  Plaintiff alleges the factual circumstances under
which the alleged seizure and/or excessive force took place.

For example, Plaintiff alleges that: Tanuvasa entered
his apartment without his permission; Plaintiff got out of bed
and asked Tanuvasa what was going on and why he was in his home;
during this conversation, Tanuvasa repeatedly berated, pushed,
grabbed, slapped, punched, and kicked Plaintiff about his body
and face; that Plaintiff did not at any time provoke, or
otherwise allow or permit Tanuvasa to assault and berate him.
[Complaint at ¶¶ 9-14.]  The Court FINDS that these allegations
are sufficient to satisfy Federal Rule of Civil Procedure 8(a)
and to survive a motion under Rule 12(b)(6).  The Court DENIES
Tanuvasa's Motion with respect to this claim.

**B.    Fifth Amendment**

"The Due Process Clause of the Fifth Amendment and the
equal protection component thereof apply only to actions of the
federal government - not to those of state or local governments."

11

Lee v. City of Los Angeles, 250 F.3d 668, 687 (9th Cir. 2001).
Plaintiff has not alleged claims against the federal government.
Even assuming Plaintiff is relying on the Fourteenth Amendment's
incorporation of the Fifth Amendment as applicable to state
actors, he identifies no action relevant to any Fifth Amendment
issue.  The Court therefore FINDS that Plaintiff fails to state a
claim for violation of the Fifth Amendment.  The Court GRANTS
Tanuvasa's Motion with respect to this claim.  Plaintiff's Fifth
Amendment claim is hereby DISMISSED WITHOUT PREJUDICE.

     C.   **Ninth Amendment**

     Plaintiff's Ninth Amendment claim fails as a matter of
law.  The Ninth Amendment provides that "[t]he enumeration in the
Constitution, of certain rights, shall not be construed to deny
or disparage others retained by the people."  U.S. Const., amend.
IX.

     The Ninth Amendment does not provide a basis upon which
Plaintiff may impose liability under section 1983 because it does
not "independently [secure] any constitutional right[.]"
Strandberg v. City of Helena, 791 F.2d 744, 748 (9th Cir. 1986)
(citations omitted); see also Schowengerdt v. United States, 944
F.2d 483, 490 (9th Cir. 1991) (stating that the Ninth Amendment
is "not interpreted as independently securing any constitutional
rights for purposes of making out a constitutional claim").

     The Court therefore FINDS that Plaintiff fails to state

a claim for violation of the Ninth Amendment and GRANTS
Tanuvasa's Motion with respect to this claim.  The Court further
FINDS that granting Plaintiff leave to amend his Ninth Amendment
claim would be futile.  See Flowers v. First Hawaiian Bank, 295
F.3d 966, 976 (9th Cir. 2002) ("A district court . . . does not
abuse its discretion in denying leave to amend where amendment
would be futile.").  Plaintiff's Ninth Amendment claim is hereby
DISMISSED WITH PREJUDICE.

> **D.    Fourteenth Amendment**

    The Court next examines Plaintiff's substantive due
process and equal protection claims under the Fourteenth
Amendment.

    The Due Process Clause of the Fourteenth Amendment
provides that no state shall deprive "any person of life,
liberty, or property, without due process of law."  U.S. Const.,
amend. XIV.  Substantive due process protects individuals from
arbitrary and unreasonable government action which deprives any
person of life, liberty, or property.  See Kawaoka v. City of
Arroyo Grande, 17 F.3d 1227, 1234 (9th Cir. 1994).

    Plaintiff's Fourteenth Amendment due process claim,
however, runs afoul of the rule enunciated in Graham v. Connor,
490 U.S. 386 (1989).  In Graham, the Supreme Court held that "all
claims that law enforcement officers have used excessive
force-deadly or not-in the course of an arrest, investigatory

13

stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach." Id. at 395 (emphasis in original).  The Supreme Court reasoned, "[b]ecause the Fourth Amendment provides an explicit textual source of constitutional protection against this sort of physically intrusive governmental conduct, that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims." Id.  Hence, "under the Graham rule, a substantive due process claim will be preempted if the asserted substantive right can be vindicated under a different - and more precise - constitutional rubric." Action Apartment Ass'n v. Santa Monica Rent Control Bd., 509 F.3d 1020, 1025 (9th Cir. 2007).  Graham makes plain that Tanuvasa's alleged conduct cannot give rise to a Fourteenth Amendment substantive due process claim.

The Court therefore GRANTS Tanuvasa's Motion as to Plaintiff's First Cause of Action to the extent it asserts that Tanuvasa violated Plaintiff's substantive due process rights under the Fourteenth Amendment.  The Court FINDS that granting Plaintiff leave to amend his Fourteenth Amendment substantive due process claim would be futile.  See Flowers, 295 F.3d at 976.

To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment, a

plaintiff must show that a defendant acted with an intent or purpose to discriminate against the plaintiff based on membership in a protected class.  The Comm. Concerning Cmty. Improvement v. City of Modesto, 583 F.3d 690, 702-03 (9th Cir. 2009).  Even when liberally read, the Complaint fails to state an equal protection violation.  Plaintiff alleges neither that Defendants intentionally discriminated against him in violation of his equal protection rights, nor that he was treated differently from other similarly situated individuals.  Nor does the Complaint contain any assertions regarding the motivation of any Defendant, a discriminatory intent or purpose.  See Lee v. City of L.A., 250 F.3d 668-87 (9th Cir. 2001).  Accordingly, Plaintiff's equal protection claim against Tanuvasa is DISMISSED WITHOUT PREJUDICE, although Plaintiff may more properly plead this claim, if he can, in an Amended Complaint.

In summary, Plaintiff's Fourteenth Amendment substantive due process claim is DISMISSED WITH PREJUDICE. Plaintiff's Fourteenth Amendment equal protection claim is DISMISSED WITHOUT PREJUDICE.

## II.   **State Law Claims**

### A.   **Assault and Battery**

Tanuvasa asserts that Plaintiff fails to sufficiently allege malice, therefore, Plaintiff's assault and battery claims should be dismissed based on the doctrine of conditional privilege.  [Mem. in Supp. of Motion at 11.]  The Court disagrees.

> A person commits the common law tort of assault if he or she acts with intent to cause another a nonconsensual harmful or offensive contact or apprehension thereof, and the other person apprehends imminent contact.  See Mukaida v. Hawaii, 159 F. Supp. 2d 1211, 1223 (D. Haw. 2001) (citations omitted).  A person commits the common law tort of battery if he or she acts with intent to cause a nonconsensual harmful or offensive contact, or apprehension thereof, and the contact occurs.  Id.; Williams v. Aona, 121 Hawai'i 1, 13, 210 P.3d 501, 513 (2009).  Hawaii courts define "malice" as "the intent, without justification or excuse, to commit a wrongful act[,]" "reckless disregard of the law or of a person's legal right[,]" and "ill will; wickedness of heart."  See Awakuni v. Awana, 115 Hawai'i 126, 141, 165 P.3d 1027 (2007).

McCormack v. City & County of Honolulu, 762 F. Supp. 2d 1246, 1253 (D. Hawai'i 2011).  With respect to the conditional privilege doctrine, this Court has previously explained:

> [I]n order for an action to lie against an official acting under a claim of privilege, it is essential that the injured party allege and prove, to the requisite degree, that the official had been motivated by malice and not by an otherwise proper purpose.  Malice is shown when the defendant failed to act as a reasonable man under the circumstances, with due regard to the strength of his belief, the grounds that he has to support

16

it, and the importance of conveying the
information.

Faaita v. Liang, Civil No. 07-00601 LEK, 2009 WL 3124763, at *18
(D. Hawai'i Sept. 29, 2009) (internal citations, quotation marks
and footnote omitted).

Plaintiff alleges that Tanuvasa acted "maliciously,
knowingly, intentionally, willfully, and deliberately without
regard for his rights, interests, and well being," [Complaint at
¶ 26,] and that Tanuvasa intentionally "started repeatedly
berating, pushing, grabbing, slapping, punching, and kicking
Plaintiff about his body and face." [Id. at ¶ 12.] The
allegations in the Complaint are more than a threadbare recital
of an element of a cause of action. The Court FINDS that
Plaintiff sufficiently states a claim against Tanuvasa for
assault and battery. The Court DENIES Tanuvasa's Motion with
respect to this claim.

B.    **Negligence**

To establish negligence, Plaintiff must demonstrate a
duty, breach of that duty, legal causation, and actual injury.
See, e.g., Black v. Correa, CV. No. 07-00299 DAE-LEK, 2007 WL
3195122, at *8 (D. Hawai'i Oct. 30, 2007).

As discussed above, a public official, acting within
his official capacity, may be held individually liable for
damages for acts committed within his employment if he commits
the tort with malice or maliciously exercises his official

17

discretion.  See id.; see also Kajiya v. Dep't of Water Supply, 2

Haw. App. 221, 629 P.2d 635, 640 (1981).  "If the public official

was acting within his individual capacity, he may be held liable

for committing the tort, with or without a showing of malice."

Black, 2007 WL 3195122, at *8.

 Plaintiff's Third Cause of Action states that

"Defendants negligently caused Plaintiff to suffer physical

injuries, pain, mental anguish, emotional distress, anxiety,

embarrassment, humiliation, worry, and anger[.]"  [Complaint at

¶ 24.]  He also alleges that Tanuvasa acted with malice.  [Id. at

¶ 26.]  Tanuvasa does not dispute that he owes Plaintiff a duty

of ordinary care, only that Plaintiff fails to identify a

specific duty in his negligence claim.  See, e.g., Taylor-Rice v.

State, 91 Hawai'i 60, 71, 979 P.2d 1086, 1097 (1999) ("This court

has, in a variety of contexts, repeatedly recognized a duty owed

by all persons to refrain from taking actions that might

foreseeably cause harm to others."); Touchette v. Ganal, 82

Hawai'i 293, 301-02, 922 P.2d 347, 355-56 (1996) (quoting

Restatement (Second) of Torts § 302 Comment a, at 82 (1965)) ("In

general, anyone who does an affirmative act is under a duty to

others to exercise the care of a reasonable [person] to protect

them against an unreasonable risk of harm to them arising out of

the act.").

 The Court agrees with Tanuvasa that conclusory

allegations that a defendant harmed a plaintiff will not suffice, but "detailed factual allegations" are not required.  Iqbal, 129 S. Ct. at 1949-50.   Importantly, Iqbal stated that the judicial determination of a plausible claim for relief will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[1]  Id. at 1950. Plaintiff's allegations, as scant as they may be, are sufficient to overcome Tanuvasa's challenge at this time.  The Court FINDS that Plaintiff sufficiently states a claim against Tanuvasa for negligence.  The Court DENIES Tanuvasa's Motion with respect to this claim.

## CONCLUSION

        On the basis of the foregoing, Defendant's Motion to Dismiss Complaint Filed January 21, 2011 Pursuant to FRCP, Rule 12(b)(6), filed on April 18, 2011, is HEREBY GRANTED IN PART AND

------

        [1] The instant case is distinguishable from the matter before the Supreme Court in Iqbal.  The petitioners in Iqbal were two high-ranking government officials, the former Attorney General and the former Director of the Federal Bureau of Investigation. They were two among 53 defendants in the action.  The 21 claims for relief focused not on the decision to arrest and detain, but rather on the conditions of confinement, and particularly the treatment by the jailers – not the former Attorney General and the former Director of the Federal Bureau of Investigation. Iqbal, 129 S. Ct. at 1943-44.  Further, Iqbal was concerned with the potential burden, distraction and interference with duties the pending litigation could impose on two high-ranking public officials, as well as the expense of discovery leading to defendants settling frivolous suits.  Id. at 1950.  Such concerns are not as great in the instant case involving a single incident between Plaintiff, the HPD, and a single officer.

DENIED IN PART as follows:

•    Plaintiff's Fifth Amendment claim and Fourteenth Amendment equal protection claim are DISMISSED WITHOUT PREJUDICE. Plaintiff shall file any Amended Complaint by **August 15, 2011**.

•    Plaintiff's Ninth Amendment claim and Fourteenth Amendment due process claim are DISMISSED WITH PREJUDICE.

•    The Motion is DENIED as to the remainder of Plaintiff's claims.

       IT IS SO ORDERED.

       DATED AT HONOLULU, HAWAII, July 11, 2011.



         /S/ Leslie E. Kobayashi
         Leslie E. Kobayashi
         United States District Judge

**RICHARD THOUROT V. ERIC TANUVASA, ET AL; CIVIL NO. 11-00032 LEK-KSC; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT ERIC TANUVASA'S MOTION TO DISMISS COMPLAINT**