IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RICHARD A. THOUROT, | ) | CIVIL NO. 11-00032 LEK-KSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ERIC TANUVASA AND CITY AND COUNTY OF HONOLULU, | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER (1) GRANTING IN PART AND DENYING DEFENDANTS
ERIC TANUVASA AND CITY AND COUNTY OF HONOLULU'S
MOTION TO DISMISS FIRST AMENDED COMPLAINT;
AND (2) GRANTING DEFENDANT LOUIS M. KEALOHA'S
<u>MOTION TO DISMISS FIRST AMENDED COMPLAINT</u>**

Before the Court are two motions filed by Defendants Eric Tanuvasa ("Tanuvasa"), the City and County of Honolulu ("City"), and Louis M. Kealoha ("Kealoha") (collectively "Defendants"): (1) Tanuvasa and the City's Motion to Dismiss First Amended Complaint Filed August 12, 2011 Pursuant to FRCP, Rule 12(b)(6), filed September 2, 2011 ("Tanuvasa Motion") [dkt. no. 39]; and (2) Kealoha's Motion to Dismiss First Amended Complaint Filed August 12, 2011 Pursuant to FRCP, Rule 12(b)(6), filed on November 1, 2011 ("Kealoha Motion") [dkt. no. 46]. Plaintiff Richard A. Thourot ("Plaintiff") filed his memorandum in opposition on January 13, 2012, and Defendants filed their reply on January 19, 2012.  These matters came on for hearing on February 6, 2012.  Appearing on behalf of Plaintiff were

Della Bellati, Esq., and Eric Seitz, Esq., and appearing on behalf of Defendants was Tracy Fukui, Esq.  After careful consideration of the motions, supporting and opposing memoranda, and the arguments of counsel, the Tanuvasa Motion is HEREBY GRANTED IN PART AND DENIED IN PART, and the Kealoha Motion is HEREBY GRANTED the for the reasons set forth below.

## BACKGROUND

The Court previously granted in part several motions to dismiss the Original Complaint.  Plaintiff filed his First Amended Complaint on August 12, 2011, alleging that Tanuvasa, a Honolulu Police Department ("HPD") officer, assaulted him during an investigation and arrest.  The First Amended Complaint states, in pertinent part:

> (10)  On or about February 7, 2009, Plaintiff was residing with his girlfriend at the Island Colony Condominium/Hotel located in Waikiki, Honolulu, Hawai'i.
> (11)  At approximately 6:00 am, Plaintiff was awakened by a hotel security officer who knocked on his unit's door and asked whether Plaintiff and his girlfriend were having problems because a noise complaint had been made with hotel security.
> (12)  Plaintiff opened the door to his unit to explain to the hotel security officer that the noise was due to his girlfriend.
> (13)  Plaintiff apologized to the hotel officer and proceeded to go to bed after the hotel security officer left.
> (14)  Shortly thereafter, Plaintiff was awakened by his girlfriend and Defendant Officer Erick A. Tanuvasa who had been dispatched to the Island Colony Condominium/Hotel because of the noise complaint and who had been escorted to Plaintiff's unit by the hotel security officer.
> (15)  Being in a half-awake state on his bed,

Plaintiff walked to the door from his bedroom to speak with Defendant Tanuvasa, inquire what was going on, and ask why Defendant Tanuvasa was in Plaintiff's residence.

(16)  As Plaintiff was talking to Defendant Tanuvasa, for reasons unknown to Plaintiff, Defendant Tanuvasa announced that Plaintiff was under arrest, and Defendant Tanuvasa started berating, pushing, grabbing, slapping, punching, and kicking Plaintiff about his body and face.

(17)  Plaintiff then was placed under arrest by another officer who had arrived and was transported to the Honolulu Police Department.

(18)  Plaintiff did not at any time provoke, invite, consent to, or otherwise allow or permit Defendant Tanuvasa to assault and berate him.

(19)  Plaintiff is informed and believes, and thereupon alleges, that the above described actions of Defendant Tanuvasa were without reasonable, just, and/or probable cause.

(20)  Plaintiff is informed and believes, and thereupon alleges, that Defendant Tanuvasa has a history of abusive and violent conduct that was known to Defendant City and County of Honolulu and Defendant Kealoha.

(21)  Plaintiff is informed and believes, and thereupon alleges, that despite their prior knowledge of Defendant Tanuvasa's history of abusive and violent conduct Defendants City and County of Honolulu and Kealoha continued to employ Defendant Tanuvasa as a Honolulu police officer, failed to provide specialized or additional training and supervision, and failed to discipline him appropriately.

(22)  As a direct and proximate result of the foregoing Plaintiff has suffered serious and permanent physical injuries, great physical and mental pain, anguish and suffering, severe emotional distress, anxiety, embarrassment, humiliation, worry and anger.

(23)  As a direct and proximate result of the foregoing, Plaintiff was unable to work for approximately six months due to the injuries he suffered.

Plaintiff alleges the following causes of action: (1) a 42 U.S.C. § 1983 claim based on violations of the Fourth

Amendment; (2) intentional infliction of emotional distress ("IIED"); (3) a negligence claim against Tanuvasa; (4) a negligence claim against Kealoha and the City; (5) negligent training, supervision, and/or discipline against Kealoha and the City; and (6) assault and battery against Tanuvasa.  Tanuvasa is sued in his official and individual capacities, and Kealoha is sued in his official capacity.  [First Amended Complaint at ¶¶ 6-7.]

I. **Defendants' Motions**

　　A. **Tanuvasa Motion**

The City and Tanuvasa move to dismiss the First Amended Complaint on the ground that it fails to state a claim.  They first ask the Court to dismiss the § 1983 claim against the City based on upon a City custom, policy or procedure, because the allegations are conclusory and devoid of specific facts.  That is, they argue Plaintiff does not allege "non-conclusory" facts: 1) identifying an alleged City policy; 2) describing how the policy was deficient; and/or 3) describing how the policy caused injury to Plaintiff.  They contend that Plaintiff fails to assert sufficient "nonconclusory" facts to state a "plausible" as opposed to merely "possible" theory of liability.  [Mem. in Supp. of Tanuvasa Motion at 4-6.]

Next, they seek dismissal of Plaintiff's § 1983 claim for municipal liability based upon negligent training on the

grounds that Plaintiff fails to allege any training program, much less a deficient training program, that resulted in a violation his constitutional rights, and that Plaintiff fails to allege facts that "plausibly" indicate deliberate indifference.  [Id. at 6-7.]

The City and Tanuvasa seek dismissal of the state law negligent training and supervision claim because Plaintiff fails to: (1) plead that the City had knowledge of any deficiency related to Tanuvasa's employment; (2) allege a deficiency in the training or supervision of the officers; and (3) allege facts that the officers were acting outside the scope of their employment.  Plaintiff pleads only that he "is informed and believes, and thereupon alleges, that Defendant Tanuvasa has a history of abusive and violent conduct that was known to Defendant City and County of Honolulu and Defendant Kealoha." [Id. at 8 (quoting First Amended Complaint at ¶ 20).]  They argue that this allegation does not indicate whether such "abusive and violent" conduct occurred on the job and/or related to conduct applicable to Tanuvasa's employment as a police officer, and that without such reference, there is no indication that the City would be on notice of a need to exercise greater control over this particular employee with respect to his police work.  [Id.]

With respect to the negligent training and/or supervision claim, they argue that Plaintiff did not correct the

5

deficiencies in the Original Complaint, which the Court found failed to identify how the City failed in its supervision or any actions in which discipline was necessary but not taken.  Nor did Plaintiff plead non-conclusory facts to support the allegation that Tanuvasa was acting outside the course of his employment.  They argue that the legal conclusion to this effect in the First Amended Complaint is insufficient and fails to allege any nonconclusory facts in which it is "plausible" to infer that Tanuvasa was acting outside the scope of his employment.

**B.   Kealoha Motion**

Kealoha moves to dismiss the First Amended Complaint against him because (1) Plaintiff failed to obtain leave to add him as a defendant as required by Fed. R. Civ. P. 15(a); (2) Plaintiff's claims against him in his official capacity are redundant; and (3) Plaintiff fails to allege sufficient facts to state either a § 1983 claim based on supervisor liability or a state law negligence claim.  [Mem. in Supp. of Kealoha Motion at 2-8.]

**II.   Plaintiff's Memorandum in Opposition**

As to his § 1983 claim, Plaintiff states that the City has misconstrued the cause of action; that is, he is not alleging a § 1983 municipal liability claim against the City, per a March 14, 2011 stipulation with the City.  To the extent Tanuvasa argues that the § 1983 claim against him is conclusory, Plaintiff

contends that the Court already determined that his Fourth Amendment claim against Tanuvasa and "'the allegations [in support of this cause of action] are sufficient to satisfy Federal Rule of Civil Procedure 8(a) and survive a motion under Rule 12(b)(6).'"  [Mem. in Opp. at 8 (quoting Order Granting in Part and Denying in Part Defendant Eric Tanuvasa's Motion to Dismiss Complaint, filed July 11, 2011).]

        Plaintiff next argues that his state law claim for negligent training, supervision, and/or discipline should not be dismissed.  First, Plaintiff argues that his allegation that "Defendant Tanuvasa has a history of abusive and violent conduct that was known to Defendant City and County of Honolulu" is not conclusory, and that it is plausible to suggest from the entire content of Plaintiff's First Amended Complaint that the core problem underlying all of Plaintiff's causes of action is Tanuvasa's abusive behavior in the exercise of his police powers that his employer, the City, should have known about.  He also states that the allegation "is based on Plaintiff's information and belief and upon specific complaints that Plaintiff's counsel's office has received about Officer Tanuvasa."  [Id. at 10 (citing Declaration of Della A. Bellati ("Belatti Decl.") at ¶ 7).[1]]

---

[1] Counsel states: "The law office of Eric A. Seitz, AAL, ALC has received at least two separate complaints about Officer Erick (continued...)

Plaintiff argues that the allegation regarding Tanuvasa's abusive history and that the City had knowledge of this history is sufficiently detailed such that Defendants can, and already are, defending against the training, supervision, and discipline state law claims "as demonstrated by the contentious history of discovery to date." [Id. at 11.]  According to Plaintiff, in his First Request for Production of Documents, he requested personnel files for Tanuvasa that include "any complaints, disciplinary actions, internal affairs records, and his training" and "files, records, complaints . . . of the Honolulu Police Commission" relating to Tanuvasa.  [Id. at 11 (citing Belatti Decl. at ¶ 7).]  Similarly, in the partial deposition that was conducted of Tanuvasa on October 19, 2011, which Tanuvasa ended abruptly, specific questions were asked about whether "anyone has ever made any complaint [about Officer Tanuvasa] to the Police Commission" and whether these complaints have "ever been . . . or had not been sustained." [Id. (citing Belatti Decl. at ¶¶ 9-10).]  Plaintiff states that both the request for production of documents and the deposition questions were aimed at explicating in greater detail the specific deficiencies in training, failed supervision, and lack of discipline that Plaintiff has been informed about and believes to

---

[1](...continued)
A. Tanuvasa and his abusive behavior in his conduct as a police officer." [Belatti Decl. at ¶ 7.]

be true due to the complaints Plaintiff's counsel's office has received about Tanuvasa's performance as a police officer.  [Id. at 11-12.]

Plaintiff argues that Defendants' counsel is vigorously defending against Plaintiff having the right to confirm whether complaints have or have not been made against Tanuvasa, which demonstrates that Defendants have notice about and understand the claims of negligent training, supervision, and discipline that Plaintiff has raised in his First Amended Complaint.  He argues that such notice to Defendants warrants denial of the Tanuvasa Motion as to the negligent training, supervision, and discipline claim until discovery can be conducted.  [Id. at 12.]

**III. Defendants' Reply**

In their joint reply, Defendants state that, because Plaintiff confirmed that he is not asserting § 1983 municipal liability claims against the City and will be stipulating to dismiss all claims against Kealoha, the only remaining issue is Plaintiff's state law negligent supervision, training, and discipline claim.  Defendants maintain that this claim should be dismissed because Plaintiff fails to: (1) identify nonconclusory facts that Tanuvasa acted outside the course and scope of employment; (2) identify sufficient facts of notice to the City of a need to control and/or supervise Tanuvasa; (3) address his failure to allege a deficiency with the City's training,

supervision, and discipline; and (4) allege facts causally linking his alleged injuries to such deficiencies.  [Reply at 2-3 (citing Otani v. City & County of Haw., 126 F. Supp. 2d 1299, 1308 (1998)).]

With respect to Plaintiff's statements regarding the history of discovery in this case and the complaints received by Plaintiff's counsel regarding Tanuvasa, Defendants argue that they are irrelevant to whether Plaintiff has sufficiently pled his claim of negligent supervision and training.  [Id. at 5 (quoting Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2010) ("When the legal sufficiency of a complaint is tested by a motion under Rule 12(b)(6), review is limited to the Complaint.")).]

As to the claim against the City, Defendants argue that to establish liability against the City, Plaintiff must establish that the City's negligent training, supervision, and/or discipline caused Plaintiff's injury.  They argue that here, without sufficiently identifying a deficiency, Plaintiff is unable to allege sufficient facts to "plausibly" establish that the City's deficient training, supervision, and/or hiring caused Plaintiff's injury, and thereby fails to state a claim for negligent supervision, hiring, and detention.

## STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a

10

motion to dismiss a claim for "failure to state a claim upon which relief can be granted[.]"

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Weber v. Dep't of Veterans Affairs, 521 F.3d 1061, 1065 (9th Cir. 2008).  This tenet – that the court must accept as true all of the allegations contained in the complaint – "is inapplicable to legal conclusions." Iqbal, 129 S. Ct. at 1949.  Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555).  Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).  Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief. Id. at 1950.

"Dismissal without leave to amend is improper unless it is clear that the complaint could not be saved by any amendment." Harris v. Amgen, Inc., 573 F.3d 728, 737 (9th Cir. 2009) (citation and quotation marks omitted).  "But courts have discretion to deny leave to amend a complaint for futility[.]" Johnson v. American Airlines, Inc., 834 F.2d 721, 724 (9th Cir.

1987) (citation and quotation marks omitted).

## DISCUSSION

I. **Federal Constitutional Claim**

Plaintiff represented that he is not alleging any § 1983 claims against the City.  To the extent the Tanuvasa Motion seeks dismissal of such claims, the Tanuvasa Motion is GRANTED and the § 1983 claim against the City is DISMISSED WITH PREJUDICE.

To the extent that Tanuvasa seeks dismissal of the § 1983 claim against him, the Court previously denied this request, finding the allegations sufficient to survive a Rule 12(b)(6) motion.  In his First Cause of Action, Plaintiff alleges that he "was assaulted and suffered the loss of his liberty without any probable, sufficient, just or reasonable cause in violation of rights guaranteed to him by the Fourth Amendment. . . ."  [First Amended Complaint at ¶ 20.]  Plaintiff also alleges that Tanuvasa acted under color of state law when he assaulted him.  [Id. at ¶ 26.]

> Under 42 U.S.C. § 1983:
>
> Every person who, under color of any statute, ordinance, regulation, custom, or usage . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .
>
> To state a § 1983 claim, a "plaintiff must demonstrate

a deprivation of a right secured by the Constitution or laws of the United States, and that the defendant acted under color of state law." Kirtley v. Rainey, 326 F.3d 1088, 1092 (9th Cir. 2003) (citing West v. Atkins, 487 U.S. 42, 48 (1988)).  Here, the Court FINDS that Plaintiff sufficiently alleged that Tanuvasa acted under color of state law.

> The Fourth Amendment states that:
>
> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. amend IV.

The § 1983 claims against Tanuvasa for violations of the Fourth Amendment satisfy the pleading requirements set forth in Twombly and Iqbal.  The allegations are more than "legal conclusions" or a "recital[] of the elements of a cause of action," Iqbal, 129 S. Ct. at 1949-50, because the Complaint alleges more than simply that Tanuvasa deprived Plaintiff of his rights under the Fourth Amendment.  Plaintiff alleges the factual circumstances under which the alleged seizure and/or excessive force took place.

II. **State Law Claims**

The remaining issue with respect to the Tanuvasa Motion

is Plaintiff's state law negligent training, supervision, and/or discipline claim against the City.  Plaintiff's Fifth Cause of Action states, in pertinent part, as follows:

> (36)  Defendant Tanuvasa's actions herein were outside the scope of his employment as a police officer with Defendant City and County of Honolulu.
> (37)  Defendants City and County of Honolulu, Kealoha, and certain of the Doe Defendants owed duties to Plaintiff to exercise the requisite standard of care and skill ordinarily exercised by similar institutions and agencies in the State of Hawai'i in training, supervising, and disciplining its employees, and to take reasonable care to control such employees to prevent them from committing acts that injure third parties.
> (38)  Defendants City and County of Honolulu and Kealoha knew or had reason to know that it was responsible for the training, supervising, and disciplining of Defendant Tanuvasa.
> (39)  By failing to properly train, supervise, and discipline Defendant Tanuvasa, Defendants City and County of Honolulu and Kealoha breached their duties of reasonable care owed to Plaintiff thereby proximately and directly causing the injuries to Plaintiff complained of herein.

[First Amended Complaint at ¶¶ 36-39.]

To state a claim for negligent supervision or failure to control under Hawai'i law, a plaintiff must allege that the employees who committed the wrongful acts were acting outside the scope of their employment.  Pulawa v. GTE Hawaiian Tel, 112 Hawai'i 3, 18, 143 P.3d 1205, 1220 (2006).  Although Plaintiff states that Tanuvasa's actions herein were outside the scope of his employment, he does not allege facts to support this legal conclusion.  "Threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 555). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

  Moreover, Plaintiff fails to plead additional facts identifying how the City failed in its supervision, or any acts in which discipline was necessary, but not taken. To the extent Plaintiff relies on extrinsic evidence of matters not set forth in the First Amended Complaint – i.e., that Plaintiff's counsel has received other complaints about Tanuvasa's abusive conduct – such allegations may not be considered in ruling on the Tanuvasa Motion brought pursuant to Rule 12(b)(6). As a general rule, "a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001) (citation omitted). The Court finds that none of the exceptions to this general rule applies in the instant case. See id. (discussing two exceptions; first, that a court may consider material which is properly submitted as part of the complaint, and if the documents are not physically attached to the complaint, they may be considered if their authenticity is not contested and the plaintiff's complaint necessarily relies on them; second, that a court may take judicial notice of matters of public record.)

The Court therefore GRANTS the Tanuvasa Motion as to the state law negligent training, supervision, and/or discipline claim against the City; the claim is DISMISSED WITHOUT PREJUDICE. Plaintiff is granted until **March 15, 2012** to file a Second Amended Complaint in order to cure the deficiencies in his state law negligent training, supervision, and/or discipline claim against the City.  The Court emphasizes that Plaintiff is not granted leave to add new parties, claims or theories of liability, and the Second Amended Complaint must address the deficiencies noted in this Order.

### III. **Kealoha Motion**

Plaintiff agreed to striking Kealoha from the First Amended Complaint to the extent Kealoha has been named only in his official capacity.  In light of ongoing discovery, Plaintiff reserves the right under Fed. R. Civ. P. 15(a) to seek leave to amend to add Kealoha if warranted.  The Kealoha Motion is therefore GRANTED and the claims against Kealoha are DISMISSED WITH PREJUDICE.

### CONCLUSION

On the basis of the foregoing, Tanuvasa and the City's Motion to Dismiss First Amended Complaint Filed August 12, 2011 Pursuant to FRCP, Rule 12(b)(6), filed September 2, 2011, is HEREBY GRANTED IN PART AND DENIED IN PART as follows: the § 1983 claim against the City is DISMISSED WITH PREJUDICE; and the state

law negligent training, supervision, and/or discipline claim against the City is DISMISSED WITHOUT PREJUDICE.  The Tanuvasa Motion is DENIED in all other respects.  Kealoha's Motion to Dismiss First Amended Complaint Filed August 12, 2011 Pursuant to FRCP, Rule 12(b)(6), filed on November 1, 2011, is HEREBY GRANTED and the claims against Defendant Kealoha are dismissed WITH PREJUDICE.

Plaintiff is GRANTED until **March 15, 2012** to file a Second Amended Complaint, consistent with this Order.  Plaintiff may not allege additional causes of action, theories of liability, or name additional parties.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, February 13, 2012.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**RICHARD A. THOUROT V. ERIC TANUVASA, ET AL; CIVIL NO. 11-00032 LEK-KSC; ORDER (1) GRANTING IN PART AND DENYING DEFENDANTS ERIC TANUVASA AND CITY AND COUNTY OF HONOLULU'S MOTION TO DISMISS FIRST AMENDED COMPLAINT; AND (2) GRANTING DEFENDANT LOUIS M. KEALOHA'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**